*Original*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

DONALD HOLUPKA,

                       Plaintiff,

        -against-

POLICE OFFICER CHRIS SKARTSIARIS, Individually
and in his capacity as a Lynbrook Police Department
Police Officer;
POLICE OFFICER FRANK MENNA, Individually
and in his capacity as a Lynbrook Police Department
Police Officer;
POLICE OFFICER C. LENGEL, Individually
and in his capacity as a Lynbrook Police Department
Police Officer;
POLICE OFFICER CHRIS McCARTHY, Individually
and in his capacity as a Lynbrook Police Department
Police Officer;
POLICE OFFICER ERIC M. BRUEN, Individually
and in his capacity as a Lynbrook Police Department
Police Officer;
POLICE OFFICER BRIAN PALADINO, Individually
and in his capacity as a Lynbrook Police Department
Police Officer;
DETECTIVE RICHARD NEIDECKER, Individually
and in his capacity  as Detective;
POLICE OFFICER ROBERT HARRISON, Individually
and in his capacity as a Lynbrook Police Department
Police Officer;
POLICE OFFICER PATRICK BAGINSKI, Individually
and in his capacity as a Lynbrook Police Department
Police Officer;
POLICE OFFICER JOSEPH COSENZA, Individually
and in his capacity as a Lynbrook Police Department
Police Officer; POLICE OFFICER JOHN DOE #1, #2, #3, #4,
and "6", Individually and in their capacity as Lynbrook
Police Department Police Officers, intended to be the
police officers who were present at the January 27, 2009
incident;
POLICE OFFICER JOHN DOE #5, Individually and
in his capacity as a Lynbrook Police Department Police
Officer, intended to be the police officer who struck the
Plaintiff in the head during the incident which occurred

**JURY TRIAL DEMANDED**

**COMPLAINT**

# CV 12 0397

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JAN 2 7 2012 ★

LONG ISLAND OFFICE

## BIANCO, J.

## SUMMONS ISSUED

## LINDSAY, M.

on January 27, 2009;
POLICE OFFICER JOHN DOE #7, Individually and
in his capacity as a Lynbrook Police Department Police
Officer, intended to be the police officer who was present
at the March 16, 2009 incident;
POLICE OFFICER JOHN DOE #8, Individually and
in his capacity as a Lynbrook Police Department Police
Officer, intended to be the police officer who was present
at the February 4, 2011 incident;
INCORPORATED VILLAGE OF LYNBROOK, and
LYNBROOK POLICE DEPARTMENT,

                                Defendants .
-----------------------------------------------------------------------x

Plaintiff, by his attorneys, HOPKINS & KOPILOW, ESQS., 100 Quentin Roosevelt Boulevard, Suite 506, Garden City, New York 11530, complaining of the defendants herein alleges as follows:

**JURISDICTION**:

1.     This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343, 2201 and 2202, as this action arises under the First Amendment, Fourth Amendment, Fifth Amendment, and Fourteenth Amendment to the Constitution of the United States of America and 42 U.S.C. §1983, 1985 and 1988, to recover damages, attorneys fees, and to secure relief for the deprivation of the plaintiff's constitutional and civil rights.

2.     Venue in this Court is appropriate pursuant to 28 U.S.C. §1391, as all of the defendants reside within the district and the causes of action arose within the district.

3.     The pendant jurisdiction of the Court is also invoked as to those state causes of action hereafter alleged.

2

**PARTIES:**

4.    At all times hereinafter mentioned, the plaintiff, DONALD HOLUPKA, (hereafter "Holupka") is an individual who was and still is a resident of the Incorporated Village of Lynbrook, County of Nassau.

5.    Upon information and belief, at all times hereafter mentioned, the defendant POLICE OFFICER CHRIS SKARTSIARIS (hereafter "P.O. Skartsiaris") was and still is a resident of the County of Nassau.

6.    At all times hereafter mentioned, P.O. Skartsiaris was a police officer employed by the LYNBROOK POLICE DEPARTMENT (hereafter "LPD"). P.O. Skartsiaris is sued in his individual and official capacity.

7.    Upon information and belief, at all times hereafter mentioned, the defendant POLICE OFFICER FRANK MENNA (hereafter "P.O. Menna") was and still is a resident of the County of Nassau.

8.    At all times hereafter mentioned, P.O. Menna was a police officer employed by the LPD.  P.O. Menna is sued in his individual and official capacity.

9.    Upon information and belief, at all times hereafter mentioned, the defendant POLICE OFFICER C. LENGEL (hereafter "P.O. Lengel") was and still is a resident of the County of Nassau.

10.    At all times hereafter mentioned, P.O. Lengel was a police officer employed by the LPD.  P.O. Lengel is sued in his individual and official capacity.

11.    Upon information and belief, at all times hereafter mentioned, the defendant POLICE OFFICER CHRIS McCARTHY (hereafter "P.O. McCarthy") was and still is a resident of the County of Nassau.

3

12. At all times hereafter mentioned, P.O. McCarthy was a police officer employed by the LPD. P.O. McCarthy is sued in his individual and official capacity.

13. Upon information and belief, at all times hereafter mentioned, the defendant POLICE OFFICER ERIC M. BRUEN (hereafter "P.O. Bruen") was and still is a resident of the County of Nassau.

14. At all times hereafter mentioned, P.O. Bruen was a police officer employed by the LPD. P.O. Bruen is sued in his individual and official capacity.

15. Upon information and belief, at all times hereafter mentioned, the defendant POLICE OFFICER BRIAN PALADINO (hereafter "P.O. Paladino") was and still is a resident of the County of Nassau.

16. At all times hereafter mentioned, P.O. Paladino was a police officer employed by the LPD. P.O. Paladino is sued in his individual and official capacity.

17. Upon information and belief, at all times hereafter mentioned, the defendant DETECTIVE RICHARD NEIDECKER (hereafter "Det. Neidecker") was and still is a resident of the County of Nassau.

18. At all times hereafter mentioned, Det. Neidecker was a detective employed by the Nassau County Police Department. Det. Neidecker is sued in his individual and official capacity.

19. Upon information and belief, at all times hereafter mentioned, the defendant POLICE OFFICER ROBERT HARRISON (hereafter "P.O. Harrison") was and still is a resident of the County of Nassau.

20. At all times hereafter mentioned, P. O. Harrison was a police officer employed by the LPD. P. O. Harrison is sued in his individual and official capacity.

4

21.     Upon information and belief, at all times hereafter mentioned, the defendant POLICE OFFICER PATRICK BAGINSKI (hereafter "P. O. Baginski") was and still is a resident of the County of Nassau.

22.     At all times hereafter mentioned, P. O. Baginski was a police officer employed by the LPD.  P. O. Baginski is sued in his individual and official capacity.

23.     Upon information and belief, at all times hereafter mentioned, the defendant POLICE OFFICER JOSEPH COSENZA (hereafter "P. O. Cosenza") was and still is a resident of the County of Nassau.

24.     At all times hereafter mentioned, P. O. Cosenza was a police officer employed by the LPD.  P. O. Cosenza is sued in his individual and official capacity.

25.     Upon information and belief, at all times hereafter mentioned, the defendant POLICE OFFICERS JOHN DOE #1, #2, #3, #4, #5, #6, #7, and #8, were and still are residents of the County of Nassau.

26.     At all times hereafter mentioned, P.O(s). John Doe are police officers employed by the LPD.  P.O(s). Doe #1 through #8 are sued in their individual and official capacity.

27.     At all times hereafter mentioned, the Defendant VILLAGE OF LYNBROOK (hereafter "the Village") was and still is a municipal corporation existing under and by virtue of the laws of the State of New York.

28.     At all times hereinafter mentioned, the Defendant LYNBROOK POLICE DEPARTMENT is an agency of the Village of Lynbrook.

**FACTUAL BACKGROUND:**

29.     At all times hereinafter mentioned, when the Plaintiff is referred to as

5

"driving", the vehicle in question was a 2006 black Cadillac (hereafter "Plaintiff's vehicle"), unless otherwise noted.

30.     On numerous occasions commencing in 2008 and continuing through on or about October 19, 2011, the Plaintiff herein, or a family member of the Plaintiff herein (mistakenly thought by the individual defendant's to be the Plaintiff), was stopped forcibly by the defendants whilst Plaintiff or another family member were operating Plaintiff or his mother's motor vehicle.

31.     After being stopped, neither the Plaintiff nor the other family member was at liberty to leave the place where they were stopped by individual defendants as members of the LPD.

32.     The conduct described herein was pursuant to a plan or scheme (hereafter "Plan") on the part of the individually named defendants to harass the Plaintiff, and to deprive him of his constitutional and civil rights.

33.     In furtherance of the Plan, the individual defendants carried out the acts hereafter described, which acts were recurring and resulted in violations of Plaintiff's civil and constitutional rights.

34.     As will be hereafter described, this continuing plan or scheme was ratified by the LPD and Village at the highest levels.

35.     Specifically, on March 20, 2008, at approximately 11:00 p.m., the Plaintiff was lawfully driving on Peterson Place in Lynbrook, between Broadway and Union Avenue, when he was forcibly pulled over by P. O. Skartsiaris and issued tickets for having improper tinting of the windows of his motor vehicle.

36.     On June 2, 2008, at approximately 12:15 a.m., while driving northbound

6

on Peninsula Boulevard at or near its intersection with Charles Street in Lynbrook, New York, Plaintiff was forcibly pulled over by P.O. Paladino and wrongfully issued a ticket for tinted windows.

37.     On July 26, 2008, while Plaintiff's vehicle was parked across from 100 Peterson Place, Lynbrook, New York, Plaintiff was forcibly stopped while on the sidewalk by Police Officer Bruen and wrongfully issued tickets for spitting on the street and for having no license on him.

38.     On January 1, 2009 at approximately 2:30 p.m., Plaintiff was lawfully driving on Sunrise Highway in Lynbrook, New York when he was forcibly pulled over by and questioned by at least 5 police officers from Lynbrook (PO Menna and Police Officer John Doe #1, Police Officer John Doe #2, Police Officer John Doe #3, Police Officer John Doe #4) and later two detectives from the Nassau County Police Department 5th Squad.

39.     Plaintiff was removed, at that time, from his vehicle, given field sobriety tests, and then questioned as to an alleged crime that occurred sometime earlier against Police Officer Lengel.

40.     Plaintiff was denied his right to counsel during said questioning, although counsel was then on a cell phone with the defendants requesting to speak with the Plaintiff, and instructing the defendants not to question the Plaintiff outside of counsel's presence.

41.     Plaintiff was released at that time and wrongfully issued traffic tickets for talking on a cell phone, failure to wear a seatbelt, and having tinted windows, even though the tint to the windows had been removed months before.

42.     On January 2, 2009 at approximately 11:54 p.m. while lawfully driving southbound on Niemann Ave. at or near it's intersection with Peninsula Blvd. in Lynbrook,

New York, Plaintiff was again forcibly pulled over by P.O. Skartsiaris, and wrongfully issued traffic summonses for signal light violation and for moving from lane unsafely.

43.     On January 6, 2009 at approximately 9:50 p.m. while lawfully driving eastbound on Hendrickson Ave. and intending to proceed south bound President Street in Lynbrook, New York , Plaintiff was forcibly pulled over by P.O. McCarthy and wrongfully issued traffic summonses for speed not reasonable and prudent for wet/icing conditions, and a stop sign violation.

44.     On January 6, 2009 at approximately 10:20 p.m. while lawfully driving eastbound on Davidson Avenue in Lynbrook, New York, Plaintiff was forcibly pulled over by P.O. Skartsiaris and wrongfully issued a traffic summons for a stop sign violation.

45.     On January 13, 2009 at approximately 7:20 p.m., while lawfully driving northbound on Blossom Heath Ave. at or near its intersection with Sherman Street in Lynbrook, New York, Plaintiff was forcibly pulled over by P.O. McCarthy, and wrongfully issued a traffic summons for failure to stop at a stop sign.

46.     On January 15, 2009 at approximately 4:07 a.m. while lawfully driving southbound on Peninsula Blvd. in Lynbrook, New York, Plaintiff was forcibly pulled over by P.O. Skartsiaris and wrongfully issued a traffic summons for speeding 35 mph in a 30 mph zone.

47.     On January 27, 2009 at approximately 11:25 p.m. while lawfully driving in the area of Pearsall Ave. near the intersection of Davidson Ave in Lynbrook, New York, Plaintiff observed a LPD Police vehicle following him with it's headlights off.

48.     Plaintiff then parked his vehicle, exited the vehicle, and began walking on the sidewalk in the vicinity of his vehicle, when he was unlawfully stopped by P.O.

8

Skartsiaris and escorted back to Plaintiff's vehicle.

49.    P.O. Lengel, P.O. John Doe # 5, and P.O. John Doe #6 arrived at the scene a short time thereafter.

50.    Plaintiff was punched in the head by P.O. John Doe # 5 at that time.

51.    Plaintiff's vehicle was then searched by the police at the scene without a warrant or probable cause, and Plaintiff was wrongfully issued summonses for four (4) turn signal violations, an unsafe start and three (3) stop sign violations.

52.    On March 16, 2009 at approximately 3:10 p.m. while lawfully driving on Peterson Place at or near its intersection with Broadway in Lynbrook, New York, Plaintiff was forcibly pulled over by P.O. Neidecker, P.O. Menna, and P.O. John Doe #7.

53.    Plaintiff was removed from his vehicle by these defendants and his vehicle was illegally searched without a warrant or probable cause.

54.    Items were illegally taken from Plaintiff's vehicle without a warrant or probable cause, and without Plaintiff's consent.  Said items were never returned.

55.    Plaintiff was later released without receiving any tickets.

56.    On May 27, 2009 at approximately 3:33 a.m. while lawfully driving on Hendrickson Ave. at or near its intersection with Stevenson St. in Lynbrook, New York, Plaintiff was forcibly pulled over by P. O. Skartsiaris.

57.    No tickets were issued, and P.O. Skartsiaris refused to give a legal or valid reason for the forcible stop.

58.    In the late Spring, 2010, the Nassau County Probation Department came to Plaintiff's house.

59.    At that time, and at all times mentioned in this Complaint, the Plaintiff lived

9

at the house with his parents and sister.

60.     As a Probation Officer knocked on the front door of the Holupka house, Det. Neidecker illegally entered the Holupka house through its back door, went into the kitchen, and proceeded to run past Mrs. Holupka, down to the basement where Plaintiff had his bedroom.

61.     After the Probation officer was let into the house through the front door, he had to stop Detective Neidecker from taking any further illegal action.

62.     Probation was at the Holupka house merely as part of a routine probation stop to check on Plaintiff's status.

63.     Det. Neidecker then demanded numerous times that the Holupkas sign a paper allowing the LPD to search the entire Holupka house.

64.     When they repeatedly refused, Det. Neidecker told Plaintiff that he couldn't wait to get the Plaintiff in front of a judge.

65.     All Probation and LPD Officers then left the Holupka house.

66.     No tickets were issued, no arrests were made, and Plaintiff was not charged with violating the conditions of his probation.

67.     On February 21, 2011, Plaintiff, while lawfully driving on Broadway in Lynbrook, New York, was forcibly pulled over by P. O. Cosenza and wrongfully issued a ticket for Disobeying Traffic Control No Turn on Red device

68.     On February 24, 2011, Plaintiff was lawfully driving his mother's car on Nieman Avenue in Lynbrook, New York, when he was forcibly pulled over by Lynbrook P.O. Harrison for allegedly remaining at a stop sign for too long a period of time.

69.     Plaintiff was ordered to get out of the car by P. O. Harrison.

10

70.     Plaintiff then called his mother to the scene, via his cell phone, as he was afraid as to what was going on.

71.     Plaintiff's mother, father, and sister, arrived at the scene.

72.     They observed that the vehicle was searched, and Plaintiff was patted down by P.O. Harrison, P. O. Paladino, and P.O. John Doe #8, all without warrant or probable cause.

73.     Plaintiff, while in police custody, and outside the vehicle, was smoking a cigarette and put the cigarette on the ground.

74.     The only ticket issued to Plaintiff on this date was for littering.

75.     On March 8, 2011, while lawfully driving on Peninsula Boulevard in Lynbrook, Plaintiff was forcibly pulled over at 6:19 a.m. by P.O. Biganski and issued a ticket for speeding.

76.     Later on the same night, Plaintiff, while lawfully driving on Sunrise Highway in Lynbrook, New York, was forcibly pulled over by P.O. Paladino, and wrongfully issued a ticket for "failure to maintain lane".

77.     On September 11, 2011, Plaintiff's sister, Mary Holupka, was lawfully driving Plaintiff's vehicle on Hendrickson Avenue in Lynbrook, when she noticed a LPD squad car following her.

78.     The Police car followed her until she arrived at the Holupka home, and drove the car into the driveway.

79.     At approximately the same time, Plaintiff was being driven home by a friend, and upon Plaintiff exiting the vehicle in front of his house, a Lynbrook police officer forcibly pulled over the friend's car.

80.     The friend was not issued any tickets, although a verbal altercation took place between this officer, the driver of the vehicle, and Plaintiff, which lasted between 20 and 25 minutes.

81.     On October 19, 2011, Donald Holupka's uncle had been at Plaintiff's house.

82.     As the uncle left the Plaintiff's house, he noticed a Lynbrook Police car waiting at the corner of the block where Plaintiff lived.

83.     It was the custom and practice of the LPD to have a patrol car either remain at, or loiter in the vicinity of Plaintiff's home, specifically to do the illegal conduct described in this Complaint.

84.     The uncle called the Holupka house, spoke with Plaintiff's mother and told her to tell Plaintiff not to leave the Holupka house that night as the LPD were waiting in a patrol car on the corner.

85.     Mrs. Holupka then put on a sweatshirt, went into Plaintiff's vehicle, and drove to the corner just to see if she would be pulled over.

86.     At all times Mrs. Holupka drove the Plaintiff's vehicle in conformity with the New York State Vehicle and Traffic Laws.

87.     Immediately upon Mrs. Holupka reaching the corner, she was forcibly stopped by the LPD car/officer seen by the uncle, later identified as P.O. Skartiaris.

88.     P.O. Skartsiaris approached her car and initially called out Plaintiff's name.

89.     Upon seeing Mrs. Holupka in the vehicle, but not the Plaintiff, P.O. Skartsiaris told her it was a mistake and that she should have a good night.

12

90.    When Mrs. Holupka questioned further as to why she was stopped, P.O. Skartsiaris stated that he thought for a second that the windshield was tinted, even though it was 11:30 at night, pouring rain, and he knew that any tint to the windows of Plaintiff's vehicle had been removed years before.

91.    Mrs. Holupka was not issued a ticket.

92.    Except as may be otherwise indicated, each and every event described above involved repeated and recurring illegal stops, issuance of unlawful summonses and harassment pursuant to the Plan described in ¶¶ 32, 33, and thereby violated Plaintiff's civil rights by the Village, LPD, and the individually named defendants.

93.    The actions of all the individual defendants were done maliciously in order to cause harm to the plaintiff.

94.    As a result of the conduct of the defendants, the plaintiff sustained personal injuries, was caused to incur legal expenses in connection with the tickets and detentions, and has been caused embarrassment and emotional distress, and had his constitutional and civil rights violated.

95.    As of the date of this Complaint, none of the tickets issued from 2009 to date have been trialed.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST POLICE OFFICER C. SKARTSIARIS, POLICE OFFICER FRANK MENNA, POLICE OFFICER LENGEL, POLICE OFFICER C. McCARTHY, POLICE OFFICER BRUEN, POLICE OFFICER PALADINO, DETECTIVE NEIDECKER, POLICE OFFICER HARRISON, POLICE OFFICER BAGINSKI, POLICE OFFICER JOSEPH COSENZA, AND POLICE OFFICERS JOHN DOE #1, #2, #3, #4, #5, #6, #7 & #8 (TITLE 42 U.S.C. §1983).**

96.    Plaintiff repeats and realleges each and every allegation contained in

paragraphs "1" through "95" inclusive, as though fully restated herein.

97.    The aforementioned malicious conduct by the individual defendants in having the plaintiff detained and prosecuted when there was no warrant nor probable cause to detain and prosecute, individually and jointly violated the plaintiff's civil rights secured by the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America.

98.    The foregoing actions of the individual defendants have been committed under the color of state law in that they have been committed by the individual defendants in their capacity as police officers.

99.    As a result, the plaintiff has been damaged in the sum of $1,000,000.00.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST POLICE OFFICER C. SKARTSIARIS, POLICE OFFICER FRANK MENNA, POLICE OFFICER LENGEL, POLICE OFFICER C. McCARTHY, POLICE OFFICER BRUEN, POLICE OFFICER PALADINO, DETECTIVE NEIDECKER, POLICE OFFICER HARRISON, POLICE OFFICER BAGINSKI, POLICE OFFICER COSENZA, AND POLICE OFFICERS JOHN DOE #1, #2, #3, #4, #5, #6, #7 & #8 (PENDANT STATE CLAIMS: FALSE ARREST/IMPRISONMENT/BATTERY/ MALICIOUS PROSECUTION).**

100.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "99" inclusive, as though fully restated herein.

101.    On or about June 8, 2009, the Plaintiff pursuant to General Municipal Law §50-e served a Notice of Claim upon the Defendants.

102.    The Notice of Claim included all the episodes that had occurred as of that date, but not any of the later incidents.

103.    Upon information and belief, no further Notice of Claim is required since the

14

later events are continuous and recurring acts in furtherance of the Plan described in ¶¶ 32, 33.

104.   Upon information and belief, all the claims recited herein are also timely for the pendant state claims for the same reason that no additional Notice of Claim is required.

105.   The events described above were done without probable cause, without warrant, and with malice.

106.   As a result, the Plaintiff has been damaged in the sum of $1,000,000.00.

**AS AND FOR A CAUSE OF ACTION AGAINST**
**INCORPORATED VILLAGE OF LYNBROOK and**
**LYNBROOK POLICE DEPARTMENT**
**(TITLE 42 U.S.C. §1983 - MONELL)**

107.   Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "106" inclusive, as though fully restated herein.

108.   In or about June 10, 2009, the Chief of Police of the LPD was shown audio/video tapes concerning some of the above events.

109.   The conduct of the individual defendants was condoned, authorized, and/or ratified by the Chief of Police of the LPD, since even more of the events took place thereafter.

110.   It was the custom and policy of the defendant Village and the LPD to violate the Plaintiff's civil rights.

111.   As a result, the plaintiff has been damaged in the sum of $1,000,000.00.

WHEREFORE, the plaintiff demands judgment (1) on each cause of action against each defendant in the sum of $1,000,000.00; (2) punitive damages against each defendant in the sum of $1,000,000.00; (3) reasonable counsel fees pursuant to 42 U.S.C. §1988;

15

(4) the costs, disbursements, and interest of this action; and (5) for such other and further

relief as this Court may seem just and proper.

Dated: Garden City, New York
      January 27, 2012.

                                  HOPKINS & KOPILOW, ESQS.

                                  By

                                  Michael T. Hopkins, Esqs. (MH8855)
                                  Attorneys for Plaintiff
                                  100 Quentin Roosevelt Blvd.
                                  Suite 506
                                  Garden City, New York 11530
                                  (516-747-4770

16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DONALD HOLUPKA,

**Plaintiff,**

-against-

**POLICE OFFICER CHRIS SKARTSIARIS, Individually and
in his capacity as a Lynbrook Police Department Police Officer,
et al.,**

**Defendants.**

---

## SUMMONS & COMPLAINT

---

**HOPKINS & KOPILOW**
Attorneys for Plaintiff
Garden City Center
100 Quentin Roosevelt Blvd.
Suite 506
Garden City, New York 11530
(516) 747-4770

---

Signature (Rule 130-1.1-a

To:
Attorney(s) for

_____
Michael T. Hopkins

Service of a copy of the within _____ is hereby admitted.

Dated:

.................................................................
Attorney(s) for

---

PLEASE TAKE NOTICE

❏        that the within is a (certified) true copy of a
Notice of     entered in the office of the clerk of the within named Court on                         19
Entry

❏        that an Order of which the within is a true copy will be presented for settlement
Notice of     to the Hon.           at                         one of the judges
Settlement   of the within named Court,
         at
         on                19        , at          M.

**HOPKINS & KOPILOW**
Attorneys for

To:

Attorney(s) for

100 Quentin Roosevelt Blvd., Ste. 506
Garden City, New York 11530